COMMUNITY CAMPS, INC., Plaintiff, *v.* GEORGE J. RICHMAN, Defendant.

Supreme Court, Special Term, Kings County, December 15, 1947.

*George H. Rosen* for plaintiff.

*Raphael H. Weissman* for defendant.

FROESSEL, J. The plaintiff, which is engaged in the business of operating and conducting a children's camp for boys and girls in Sullivan County, New York, brought suit against the defendant, its director, secretary-treasurer and the owner of 33⅓% of its stock, for judgment directing him to surrender the corporate books and seal, enrollment and registration records, books of account, and other corporate property; and to enjoin him from changing, altering or injuring them in any way, and from soliciting, writing to or communicating with the children or the parents or families of children who have been enrolled at plaintiff's camp, or from selling, disclosing, or in any manner interfering with the said lists, directly or indirectly, by permitting others to see the books, records and lists of said patrons of plaintiff's camp; and from interfering in any way with the operation of plaintiff's camp, or the employment of persons to work for the plaintiff in such operation; and for such damages as plaintiff has sustained and may hereafter sustain.

The plaintiff now moves for a temporary injunction which, for all practical purposes, seeks in advance of trial almost all of the material relief which may be granted after trial.

It would serve no useful purpose to discuss here the charges of misconduct, breach of contract and breach of duty which the owners of two thirds of plaintiff's stock have leveled against the defendant, and which he, in turn, has leveled against them. Aside from the present action, it also appears that the defendant, individually and as administrator of his father's estate, is about to commence an action against the present owners of two thirds of the plaintiff's stock, for the rescission of the sale to them of such stock because of their alleged breach of a certain written stockholders' agreement.

Not only are sharp issues of fact presented, but interesting questions of law are also involved here with respect to the valid-

ity of certain portions of the agreement and of the corporate by-laws, e.g., section 4 of article II of the by-laws provides that the board of directors " * * * may by *unanimous* vote adopt such rules and regulations for the conduct of their meetings and *the management of the Company;* as they may deem proper, not inconsistent with these By-Laws and the laws of the State of New York." (Italics mine.) A similar by-law, which made it impossible for directors to act on any matter except by unanimous vote by all of them, was recently held by the Court of Appeals in *Benintendi* v. *Kenton Hotel* (294 N. Y. 112) to be invalid. Said the court at page 119: " The by-law numbered 3 in our list above makes it impossible for the directors to act on any matter except by unanimous vote of all of them. Such a by-law, like the others already discussed herein, is, almost as a matter of law, unworkable and unenforcible * * * " and at page 120: " A by-law requiring for every action of the board not only a unanimous vote of a quorum of the directors, but of all the directors, sets up a scheme of management utterly inconsistent with sections 27 and 28 [of the General Corporation Law.] "

It is, of course, not possible to deal with the by-laws accurately, inasmuch as only excerpts thereof are contained in the papers presently before the court, but it is fair to say that the drastic remedy which the plaintiff seeks here cannot be granted in a case of this character which requires, for determination, the full development of the facts possible only at a trial. Both parties have indicated a desire for, and shown the necessity, of an early trial, in view of the nature of the business conducted by the plaintiff.

Accordingly, the motion will be denied, on condition that issue is promptly joined. The case will be set down for trial for January 5, 1948, subject to the approval of the justice presiding in Special Term, Part III. To that end, the clerk will be directed to accept the note of issue upon payment of the required fees and place the case on the calendar in accordance with this direction.

Settle order on notice.